UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1735 |
| | § | |
| CCDI, INC., *et al.,* | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court are the plaintiff's request for entry of default and motion for default judgment against defendants CCDI, Inc. ("CCDI") and Catherine Thompson ("Thompson").[1] Dkts. 6–7. For the following reasons, the request and motion are **GRANTED**.

### I. BACKGROUND

The plaintiff, G&G Closed Circuit Events, LLC ("G&G"), was a broadcast licensee authorized to sub-license the closed-circuit telecast of the June 16, 2010 Strikeforce "Los Angeles": Robbie Lawler vs. Babalu Sobral Fight Program, including preliminary and undercard bouts (the "Event"). Dkt. 1 at 3. G&G was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id.* Commercial customers could receive and broadcast the program only by purchase from G&G. *Id.* After receiving sublicense fees, G&G provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.*

---

[1] Defendant CCDI, Inc. was named in its individual capacity and as a d/b/a under the name Club Adam & Eden 2. Dkt. 1. Defendant Catherine Thompson was named in her individual capacity and as a d/b/a under the name Club Adam & Eden 2. *Id.* For ease of reference, the company defendant will be referred to herein as "CCDI" and the individual defendant will be referred to as "Thompson."

The plaintiff alleges that defendants unlawfully intercepted G&G's signal and exhibited the Event to customers in the establishment without having paid the required fees. *Id.* at 4. G&G claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks damages pursuant to those sections. *Id.* at 4–5. G&G served the defendants with process on July 24, 2013, but to date neither defendant has filed a responsive pleading in the case. Dkt. 5 (return of service to CCDI) at 2; Dkt. 5-1 (return of service to Thompson) at 2. G&G now moves for entry of default and default judgment against the defendants.

## II. LEGAL STANDARD AND ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. FED. R. CIV. P. 4(c)(1). Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5. In this case G&G seeks statutory damages, additional damages, attorneys' fees, costs, pre-and post-judgment interest, and a permanent injunction against the defendants. Dkt. 1 at 4–5. The Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II), allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates that courts award reasonable attorney's fees and allows courts to award full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions.[2]

---

[2] Even though plaintiff alleges violations of both § 553 and § 605, it is not clear that damages resulting from one unlawful act of cable or satellite piracy are recoverable under both sections. The Fifth Circuit has not explicitly addressed whether recovery under both sections for the same action is permissible. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996), for the proposition that a plaintiff may not recover under both sections). Even courts holding that liability overlaps between § 553 and § 605 often have chosen to impose liability under § 605 because it is more generous to plaintiffs. *See Entm't by J&J, Inc. v. Al-Waha Enter., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002).

Plaintiff properly served process on the defendants by personally serving defendants through a process server. Dkts. 5, 5-1. The summonses were addressed to defendants and explained the consequences of not answering the complaint under the Federal Rules of Civil Procedure. *Id.* Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to the defendants via certified mail, return receipt requested. Accordingly, defendants were properly served in this case with process and plaintiff's default motion. Under the circumstances presented, the court accepts all well-pleaded facts in plaintiff's complaint as true and will award certain relief sought by plaintiff in this action.

Specifically, G&G has requested statutory damages in the amount of $10,000; additional damages in the amount of $50,000; attorneys' fees of 33 1/3 % damages; conditional attorneys' fees; costs; pre- and post-judgment interest; and a permanent injunction prohibiting defendants from intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act. The court finds the requested relief to be reasonable in this case with the exceptions that statutory damages will be awarded in the amount of $5,000; additional damages will be awarded in the amount of $10,000; attorneys' fees will be awarded in the amount of $1,000; and post-judgment interest shall accrue at the rate of 0.11% per annum. There shall be no award of pre-judgment interest. G&G is entitled to recover these damages from defendants jointly and severally.

Furthermore, Plaintiff is entitled to recover the following conditional awards of attorneys☐ fees from each defendant in the following circumstances:

    a.    Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

  b.  Fifteen Thousand Dollars ($15,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

  c.  Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

  d.  Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

  e.  Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

### III. CONCLUSION

For the foregoing reasons, G&G's request for entry of default and motion for default judgment (Dkts. 6–7) are **GRANTED**. The court will enter a separate final judgment consistent with this order.

Signed at Houston, Texas on May 2, 2014.

                   _____
                    Gray H. Miller
                    United States District Judge